**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-2330-JLK-AP

ALVA DECKING, INC. D/B/A ADI STEEL, INC.
and ASCENCION ALVAREZ-MUNOZ,

    Plaintiffs,

v.

ERIC HOLDER, Attorney General of the United States;
JANET NAPOLITANO, Secretary of the U.S. Department of Homeland Security;
ALEJANDRO MAYORKAS, Director of the U.S. Citizenship and Immigration Services;
ROBERT MATHER, Director of U.S. Citizenship and Immigration Services' Denver District Office;
U.S. DEPARTMENT OF HOMELAND SECURITY; and
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.

---

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION**

Kane, J.

    Arguing that this Court lacks subject matter jurisdiction, Defendants move under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' challenge to an immigrant form revocation. Doc. 7. For the following reasons, I GRANT Defendants' Motion to Dismiss.

**BACKGROUND**

    Plaintiffs Alva Decking, d/b/a ADI Steel, Inc. ("Alva Decking") and Ascencion Alvarez-Munoz ("Mr. Alvarez") challenge the revocation of a Form I-140, Immigrant Petition for Alien Worker, by USCIS under 8 U.S.C. § 1155. Defendants Eric Holder, Attorney General of the United States; Janet Napolitano, Secretary of the U.S. Department of Homeland Security; Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services ("USCIS"); Robert Mather, Director of USCIS's Denver District Office; the U.S. Department of Homeland

Security; and USCIS, move to dismiss the action for lack of subject matter jurisdiction per Fed.R.Civ.P.12(b)(1).

Mr. Alvarez is a native and citizen of Mexico. *Compl.* ¶¶ 2, 52. Presently residing in the United States unlawfully and in removal proceedings, Mr. Alvarez seeks to obtain lawful permanent resident status through an offer of employment by Alva Decking. *Compl.* ¶ 46, 52. On April 4, 2006, Alva Decking filed a Form I-140, Immigrant Petition for Alien Worker, on behalf of Mr. Alvarez. *Compl.* ¶ 1. USCIS approved the Form I-140 petition on September 5, 2006. *Compl.* ¶ 4.

On November 10, 2010, USCIS issued to Alva Decking a Notice of Intent to Revoke the Form I-140 petition, *Compl.* ¶ 8, and Alva Decking responded to the Notice. *Compl.* ¶ 9. USCIS initiated revocation based on "information which was discovered after adjudication of the petition." USCIS Dec., Feb. 24, 2011, at 1, Doc. 7, Ex. A. On February 24, 2011, USCIS issued its first decision to revoke the Form I-140 petition, neglecting, however, to attach to its decision the requisite information on how to challenge it through an appeal or a motion to reopen or reconsider. *See Ex. A*; *Compl.* ¶ 11.

Alva Decking appealed to Administrative Appeals Office ("AAO"), an appellate body within USCIS, but AAO rejected the appeal as untimely. (AAO Dec., Mar. 29, 2012, Ex. B). AAO did not close all avenues of relief by so doing, however, and forwarded the information submitted in Alva Decking's appeal to USCIS to determine whether the additional information contained in the appeal met the definition of a motion to reconsider the revocation. *Compl.* ¶ 25; Doc. 7, Ex. B.

Treating the AAO appeal as a motion to reconsider, USCIS reviewed the new information and the pre-existing record afresh, issuing a second decision revoking the Form I-

140 petition on May 15, 2012. USCIS Dec., May 15, 2012, *Compl*. Ex. C. In this second revocation decision, USCIS provided information as to how Alva Decking could appeal. *Id.* at 3. Alva Decking has not filed a motion to reopen or reconsider the May 15, 2012 revocation, nor has it appealed the final decision to the AAO. *Compl*. ¶ 45.

Plaintiffs filed this cause of action on August 31, 2012. Plaintiffs cite jurisdiction under 28 U.S.C. § 1331 (federal question) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 704. *Compl*. ¶¶ 36, 38. They bring claims for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201; the APA, 5 U.S.C. § 701 et seq., the Mandamus Act, 28 U.S.C. § 1361; and the Due Process Clause of the Fifth Amendment. Plaintiffs request me to conduct a de novo review of the administrative record and set aside the first and/or second USCIS revocations, and to remand the case to USCIS for an administrative review of the revocation. *Compl*. at 16-17. Plaintiffs also seek attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. *Compl*. at 17.

## STANDARD OF REVIEW

Plaintiffs bear the burden of establishing that the court has jurisdiction. *Marcus v. Kan. Dep't of Revenue,* 170 F. 3d 1305, 1309 (10th Cir. 1999).

## STATUTORY AND REGULATORY FRAMEWORK

Congress has provided a three-step process for an alien to become a lawful permanent resident through an employment-based petition. First, the petitioning employer files for an Alien Labor Certification with the Department of Labor ("DOL"). 8 U.S.C. § 1182(a)(5)(A). The DOL will grant such certification where the petitioning employer shows that there are insufficient U.S. workers available who are willing and able to perform the work at the prevailing wage paid for the occupation in the area of intended employment. 8 U.S.C. § 1182(a)(5). USCIS can revoke a

labor certification approved by DOL if it finds fraud or material misrepresentation. *See* 20 C.F.R. § 656.30(d).

Second, the petitioning employer must file a Form I-140 petition to USCIS on behalf of the beneficiary alien for the certified position demonstrating, *inter alia*, that (1) the employer has an approved labor certification and (2) the potential employee meets the minimum requirements of the position, in this case an "unskilled worker." 8 U.S.C. § 1153(b)(3)(A)(iii); 8 C.F.R. § 204.5.  8 U.S.C. § 1154(a). The Form I-140 petition may be revoked at any time for what the Secretary of Homeland Security "deems to be a good and sufficient cause." 8 U.S.C. §1155. USCIS has a regulatory duty to provide information on how to appeal the revocation when it issues its revocation decision. 8 C.F.R. § 103.3(a)(1)(iii)(A).  An employer may appeal a revocation decision to the AAO. 8 C.F.R. § 103.3. An employer may also file a motion to reopen or reconsider the revocation. 8 C.F.R. §§ 103.5(a)(2) (reopen), 103.5(a)(3) (revocation).

The third step, following the approval of the Form I-140 petition, is the application for adjustment of status to be adjudicated by USCIS or by the immigration court if the alien is in removal proceedings. *See* 8 U.S.C. §1255(a).  Here, Mr. Alvarez has filed a Form I-485 adjustment application with the Immigration Court seeking relief from his removal proceedings. *Compl*. ¶ 6.

## DISCUSSION

*The Tenth Circuit does not support judicial review of an immigrant visa revocation under §1155*

Under Tenth Circuit law, visa petitions revoked under 8 U.S.C. § 1155 are precluded from judicial review. *Green v. Napolitano*, 627 F.3d 1341, 1346 (10th Cir. 2010)("the decision to

revoke an immigrant visa under § 1155 is an act of discretion that Congress has withheld from judicial review").

*Green* involved the revocation of a Form I-130, Petition for Alien Relative, which serves the same purpose in family-based immigration that a Form I-140 petition serves in employment-based immigration. Both are filed by petitioners seeking to classify an alien beneficiary in an immigrant status proceeding under 8 U.S.C. § 1154. Thus, the holding in *Green* also applies to federal court review of the revocation of Alva Decking's Form I-140 petition. The holding in Green does not hang its hat upon any particular fact involving Form I-130 specifically as opposed to any other form revoked under§ 1155 generally. Instead, it relies upon the plain language of § 1155 to determine that decisions made under § 1155 are unreviewable. The majority of authority elsewhere agrees, making no distinction among the particular forms issued under the statute. *See, e.g., Karpeeva v. U.S. Dep't of Homeland Security*, 432 F. App'x 919, 925 (11th Cir. 2011) (holding that federal courts lack jurisdiction to review the revocation of a Form I-140 petition); *Abdelwaha v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) (same); *Jilin Pharmaceutical USA, Inc. v. Chertoff*, 447 F.3d 196, 200 (3d Cir. 2006) (same).

In fact, the only Circuit to find differently on the issue of § 1155 is the Ninth Circuit. In *ANA Int'l v. Way*, 393 F.3d 886, 891 (9th Cir. 2004), the court held that § 1155's "good and sufficient cause" language constitutes a legal standard over which the court retained jurisdiction to clarify. When it decided *Green*, however, the Tenth Circuit was aware of the Ninth Circuit's opinion and expressly rejected it. *See Green*, 627 at FN 3.

*USCIS had good and sufficient cause to revoke Mr. Alvarez's petition*

USCIS cites two reasons for its good and sufficient cause to revoke Plaintiffs' approved Form I-140 petition. First, USCIS determined that Alva Decking's offer of employment to Mr.

Alvarez was not a *bona fide* offer due to both familial and ownership relationships between Alva Decking, its owners and corporate officers, and Mr. Alvarez. Doc. 7, Ex. 3. The USCIS record establishes that Mr. Alvarez owned 33% of Alva Decking at the time the labor certification on his behalf was filed, and had been serving as that company's Vice President since July 1997. *Id.* At the time the I-140 petition was filed by Alva Decking's claimed successor, ADI Steel, Inc., Mr. Alvarez owned 50% of that company, and had continued in the role of Vice President. *Id.* The record also shows that the co-owners of Avla Decking were the Mr. Alvarez's brothers, and that the co-owner of ADI Steel is Mr. Alvarez's brother. *Id.*

Although shareholders in an employer's company may successfully petition for immigrant status, the prospective employee's interest in the corporation is a material fact to be considered in determining whether the job being offered was really open to all qualified applicants. *Matter of Silver Dragon Chinese Restaurant*, 19 I&N Dec. 401 (Comm. 1986). Although petitioner enclosed an organizational chart showing Mr .Alvarez's position within the company in response to an inquiry from the Colorado Department of Labor and Employment regarding the labor certification filed in support of the instant petition and submitted a copy of Alva Decking's 2001 Form 1120S tax return identifying the brothers Alvarez as each owning 33% of Alva Decking, an eight-page letter signed by Mr. Alvarez's brother Zosimo in support of the petition makes no mention of Mr. Alvarez's status. Doc. 7, Ex. 3 All other materials similarly neglect to mention the familial relationship. *Id.* In addition, the submissions used a false name, Ascension Alvarez-Perez, for Mr. Alvarez, furthering the concealment of Mr. Alvarez's true identity for purpose of determining a familial relationship. *Id.* Furthermore, Alva Decking failed to disclose its familial and ownership relationship with Mr. Alvarez in its response to a Letter of Remand dated February 7, 2003 and in its recruitment report dated April 22, 2005. *Id.* Alva

Decking also failed to disclose the relationship when it submitted Mr. Alvarez's Form ETA 740, Part B.  *Id.*

Once the relationships were made known to USCIS, the agency found that Alva Decking never made a *bona fide* offer of employment.  It is within USCIS's discretion to make the call on whether an offer is *bona fide* and such is beyond my review.

The second reason USCIS gave for the revocation of Plaintiffs' approved Form I-140 petition is " the invalidation of the labor certification." Doc. 7,  Ex. C.  In this case, USCIS was responsible for the underlying invalidation of the labor certification as well as the petition revocation.  A DOL certifying officer may revoke a petition at any time if he finds that the labor certification was not justified; USCIS may revoke only where it finds fraud or a material misrepresentation involving the labor certification application. 20 C.F.R. § 656.30(d).

Here, USCIS found Alva Decking made material misrepresentations in the labor certificate application by failing to disclose Mr. Alvarez's familial and ownership ties with and to Alva Decking as described above.

## CONCLUSION

For the foregoing reasons, I find this court lacks subject matter jurisdiction and accordingly GRANT Defendants' Motion to Dismiss, Doc. 7, and DISMISS this case WITHOUT PREJUIDICE.

DATED:	April 15, 2013	BY THE COURT:
	*/s/John L. Kane*
	U.S. Senior District Judge